Concurring Opinion by
Watts, J.
Respectfully, I concur. I agree with the outcome of the case and that the majority opinion accurately discusses and applies this Court’s holding in Md. Dep’t of State Police v. Dashiell, 443 Md. 435, 117 A.3d 1 (2015). See Maj. Op. at 241-43, 244-45, 160 A.3d at 682, 683-84. However, consistent with my dissent in Dashiell, id. at 464, 117 A.3d at 18 (Watts, J., dissenting), I would hold that, where an investigation against a law enforcement officer is completed and results in a sustained complaint, the record of the discipline imposed is not exempt from disclosure under the Maryland Public Information Act under its personnel records exemption. Indeed, in such circumstances, “the discipline that the law enforcement agency decides to administer to the officer does not directly pertain to employment or the officer’s ability to perform his or her job[,]” but instead “is an action of—and thus reflects the judgment of—the law enforcement agency, not the officer.” Id. at 467, 117 A.3d at 20 (Watts, J., dissenting). As such,
a record of discipline based on a sustained complaint against a law enforcement officer is not a personnel record; instead, it is among the very types of document[s] that the Public Information Act is designed to make available to the public: a document that reflects how a public agency responds to an employee’s proven misconduct.
Id. at 467, 117 A.3d at 20 (Watts, J., dissenting) (footnote omitted).
In this case, because the record does not reflect that a completed investigation into Officer Collier’s conduct resulted in a sustained complaint pursuant to which the Anne Arundel County Police Department imposed discipline against Officer Collier, I agree with the result reached by the majority opinion.
For the above reasons, respectfully, I concur.